VALLEY FALLS CO. *vs.* CYRUS TAFT, Town Treasurer.

MANVILLE COMPANY *vs.* CYRUS TAFT, Town Treasurer.

PROVIDENCE—MAY 17, 1905.

PRESENT: Douglas, C. J., Dubois and Johnson, JJ.

(1)   *Highways.   Town Council.   Agency.*

The town council of a town laid out a highway and agreed to construct it if plaintiffs would advance money toward the payment for the work. Plaintiffs paid the sums agreed upon, and the work was commenced but abandoned before a passable way was constructed:—

*Held*, that, if the town council had no power to bind the town, the money was paid without consideration, and if the council had power to make the contract, the town had broken it, and in either case plaintiffs were entitled to recover.

ASSUMPSIT. Heard on petitions of defendants for new trial, and petitions denied.

Per Curiam. These cases were tried before a single justice of this division, jury trial having been waived, and come before us on the defendants' petitions for a new trial.

The court found that the town council on behalf of the town had laid out a certain highway and agreed to construct it if the plaintiffs would advance certain money towards the payment for the work. The plaintiffs paid the several sums agreed upon to the town treasurer and the work was commenced, but abandoned before a passable way was constructed. After waiting a reasonable time, no further action being taken on the part of the town, the plaintiffs brought these suits to recover the money paid. In these circumstances we think the plaintiffs are entitled to recover the money.

It is argued, on behalf of the town, that the council had no power to bind the town as they assumed to do. If this is so, the money was paid without consideration and may be recovered back. If the council had power to make the contract, the town has broken it, and the amounts paid are a fair measure of damages. In either case the decision of the justice who tried the case was correct.

The petitions for a new trial are denied, and judgments will be entered upon the decisions.

*Comstock & Canning, Gardner, Pirce & Thornley, and William W. Moss,* for plaintiffs.

*James E. Brennan,* for defendant.